UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CR486 CDP |
| | ) | |
| MICHAEL JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The government has moved that the defendant be detained without bail in this cause. The defendant has filed a motion asking that the court set, and that he be released on, an unsecured bond.

Following a hearing on the government's motion for pretrial detention the court requested that the Pretrial Services Agency contact authorities in the State of Oklahoma to determine whether the defendant was on parole in that state at the time of the offense alleged in the indictment. The court has now been informed by the Pretrial Services Agency that an official with the Oklahoma Department of Corrections, Probation and Parole Office has advised that the defendant was discharged from parole supervision in that state on March 23, 2006, meaning that the defendant was on parole at the time of the offense alleged in the pending indictment. The defendant submitted with his Motion For Bond documents from the Oklahoma Department of Corrections purporting to show that his parole was terminated in 2005. The Pretrial Services

Agency has reported to the court in a letter dated September 28, 2009,[1] that the Oklahoma Department of Corrections has reported that their records show that the defendant was on parole supervision for three separate convictions, and that although his parole term expired in 2005 in one of those cases, he remained on parole on the other cases until his parole was terminated on March 23, 2006.

The offenses for which the defendant was on parole are similar to the offense alleged in the pending indictment, namely drug conspiracies. On account of his prior history of criminal convictions the defendant likely faces a substantial sentence if convicted here. This provides incentive to flee.

The fact that the instant offense was committed while the defendant was on parole is an indication that he would not likely feel compelled to abide by conditions of release or conform his conduct to the requirements of law if admitted to bail at this time.

Based on all of the above, as well as the statutory presumption in favor of detention applicable in this case, the undersigned concludes that there are no conditions or combination of conditions which will assure the appearance of the defendant or the safety of the community as required.

Therefore,

---

[1] A copy of the letter is available at the offices of the Pretrial Services Agency.

**IT IS HEREBY ORDERED** that the government's Motion For Pretrial Detention (Docket No. 3) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion For Bond (Docket No. 114) is denied.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of October, 2009.